IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MERCEDES MORALES-RAMOS, HUMBERTO MARTIN-MARTINEZ, and the Conjugal Partnership constituted by them,<br><br>**Plaintiffs**,<br><br>v.<br><br>PFIZER PHARMACEUTICALS LLC,<br><br>**Defendant**. | **Civil No.** 16-1266 (FAB) |

**OPINION AND ORDER**

BESOSA, District Judge.

Pending before the Court is plaintiffs' motion to remand this case to the Puerto Rico Court of First Instance, Guayama Superior Division. (Docket No. 23.) Having considered the motion, as well as defendant's opposition (Docket No. 32), the Court **GRANTS** plaintiffs' motion and **REMANDS** this case to the Commonwealth court.[1]

I. BACKGROUND

On December 23, 2015, Mercedes Morales-Ramos ("Morales"), her husband Humberto Martin-Martinez ("Martin"), and their Conjugal

---

[1] Defendant also filed a motion to dismiss plaintiffs' claims pursuant to Puerto Rico Law No. 80 of May 30, 1976 ("Law 80"), P.R. Laws Ann. tit. 29 §§ 185a et seq., and Article 1802 of the Puerto Rico Civil Code, ("Article 1802"), P.R. Laws Ann. tit. 31, § 5141, on the basis of preemption by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* (Docket No. 31.) Because the Court lacks subject matter jurisdiction over this case, however, it need not address the merits of Pfizer's motion.

Partnership (collectively, the "plaintiffs") filed suit against Pfizer Pharmaceuticals LLC ("Pfizer") in the Puerto Rico Court of First Instance, Guayama Superior Division. (Docket No. 1-2 at p. 4.) Their complaint alleged violations of both Federal and Commonwealth laws,[2] which purportedly stemmed from Pfizer's termination of Morales' employment as a result of a corporate reorganization targeting the company's Puerto Rico plants. Id. at p. 9-10; see also Docket No. 28 at pp. 7-8. On February 16, 2016, Pfizer removed the action to this district, asserting that original subject matter jurisdiction was supported pursuant to 28 U.S.C. § 1331 by the existence of a federal question in plaintiffs' complaint. (Docket No. 1 at p. 2.) Following removal, Pfizer filed a motion to dismiss plaintiffs' COBRA, WARN, and OWBPA claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 16.) Shortly thereafter, on April 28, 2016, plaintiffs filed a motion seeking both authorization to amend their complaint as well as remand of the case to the Commonwealth court. (Docket No. 23.) The Court granted the motion to amend, and allowed Pfizer

---

[2] The initial complaint filed with the Commonwealth court pursued claims against Pfizer pursuant to the following legal provisions: Law No. 100 of June 30, 1959, as amended ("Law 100"), P.R. Laws Ann. tit. 29, §§ 146 et seq.; Law No. 115 of December 20, 1991, as amended ("Law 115"), P.R. Laws Ann. tit. 29, § 194 et seq.; Law 80; Article 1802; the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. 1162, et seq.; the Worker's Adjustment and Re-Training Notification Act ("WARN"), 29 U.S.C. 2101-2109; the Older Worker's Benefit Protection Act ("OWBPA"), 29 U.S.C. 621, 623, 626 and 630; and ERISA. (Docket No. 1-2 at p. 4.)

Civil No. 16-1266 (FAB)                                                   3

time to respond to the request for remand. (Docket No. 27.)  On April 29, 2016, plaintiffs filed an amended complaint - which dropped the ERISA, WARN, COBRA, and OWBPA claims and focused exclusively on alleged violations of Puerto Rico law, to wit: Law 80, Law 115, and Article 1802 - thereby mooting Pfizer's initial motion to dismiss. (Docket Nos. 28 & 25.)  On May 20, 2016, Pfizer filed a motion to dismiss the Law 80 and Article 1802 claims appearing in the amended complaint on the grounds that those claims are preempted by ERISA.  (Docket No. 31 at p. 2.)  On that same date, Pfizer also filed an opposition to plaintiffs' request for remand, arguing that the Court retains jurisdiction over this case because plaintiffs ultimately "still seek benefits under and relating to an ERISA-covered Plan."  (Docket No. 32 at p. 2.)  Plaintiffs later opposed Pfizer's motion to dismiss, (Docket No. 38), and Pfizer replied, (Docket No. 41).

## II.  DISCUSSION

### A.  Federal Jurisdiction and Plaintiffs' Request to Remand

A threshold issue in this case is federal subject matter jurisdiction.  The Court must determine whether - in the wake of the amended complaint's elimination of plaintiffs' federal causes of action - it retains federal question jurisdiction in order to justify continued removal of this action.  The Court finds that it does not.

### 1. Legal Standard

Removal of an action to federal court is governed by the removal statute, 28 U.S.C. § 1441, which provides, in relevant part, that defendants may remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "The propriety of removal thus depends on whether the case originally could have been filed in federal court."  City of Chicago v. Int'l. Coll. of Surgeons, 522 U.S. 156, 163 (1997); see also Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 757 (6th Cir. 2000) ("In order to invoke the district court's removal jurisdiction, a defendant must show that the district court has original jurisdiction over the action.")  The defendant has the burden of making a "colorable showing" that a basis for original jurisdiction exists, Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999), and removal statutes are strictly construed against the exercise of federal jurisdiction.  See Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002).

Federal district courts have original jurisdiction over "federal question" cases — that is, cases "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; see Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005).  In general, "[t]he presence or absence of

Civil No. 16-1266 (FAB)                                                5

federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); see also BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am., IAMAW Dist. Lodge 4, 132 F.3d 824, 831 (1st Cir. 1997) ("The gates of federal question jurisdiction are customarily patrolled by a steely-eyed sentry - the "well-pleaded complaint rule" - which, in general, prohibits the exercise of federal question jurisdiction if no federal claim appears within the four corners of the complaint.")  The well-pleaded complaint rule therefore makes the plaintiff the "master of the claim" and allows him to "avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc., 482 U.S. at 392.

There does exist, however, "an exception to this practice of focusing on the face of the complaint." Danca, 185 F.3d at 4. This "independent corollary" to the well-pleaded complaint rule is known as "complete pre-emption." See Caterpillar Inc., 482 U.S. at 393.  "Complete preemption is a short-hand for the doctrine that in certain matters Congress so strongly intended an exclusive federal cause of action that what a plaintiff calls a state law claim is to be recharacterized as a federal claim." Fayard v. Ne. Vehicle Servs., LLC, 533 F.3d 42, 45 (1st Cir. 2008).  In other words,

complete preemption occurs where "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Caterpillar Inc., 482 U.S. at 393 (citing Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)). Thus, "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Id.; see also Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California, 463 U.S. 1, 24 (1983) ("[I]f a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law"); Danca, 185 F.3d at 4 ("Where a claim, though couched in the language of state law, implicates an area of federal law for which Congress intended a particularly powerful preemptive sweep, the cause is deemed federal no matter how pleaded.") Consequently, where the doctrine of complete preemption applies, federal question jurisdiction exists and removal of a plaintiff's complaint - even one that does not directly assert a federal cause of action - is proper. See Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004) ("[W]hen a federal statute wholly displaces the state-law cause of action through complete

pre-emption, the state claim can be removed.") (internal quotations omitted); BIW Deceived, 132 F.3d at 831.

One context in which the Supreme Court has applied the doctrine of complete preemption involves claims for benefits from plans regulated by ERISA.  See Metro. Life, 481 U.S. at 66-67 (preemptive force of ERISA operates to convert ordinary state law claims into federal ones, thereby giving rise to removal jurisdiction); see also Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 57 (1987) (finding a "clear expression of congressional intent that ERISA's civil enforcement scheme [found in § 502(a) of the statute] be exclusive."); Hotz v. Blue Cross & Blue Shield of Mass., Inc., 292 F.3d 57, 59 (1st Cir. 2002) ("ERISA's civil enforcement provisions . . . have been interpreted to establish federal removal jurisdiction over any state law claims that in substance seek relief that is otherwise within the scope of those ERISA remedy provisions."); Negron-Fuentes v. UPS Supply Chain Sols., 532 F.3d 1, 7 (1st Cir. 2008) ("Any claim replicating section 502(a) is a federal claim for jurisdictional purposes, whether substantial or not.")  To establish complete preemption by ERISA, as would support removal of a state law claim, a defendant "must show that the state cause of action falls within the scope of ERISA § 502(a)."  Danca, 185 F.3d at 5 (citing Metro. Life, 481 U.S. at 66).  "For this to occur, the state law must be properly characterized as an 'alternative enforcement mechanism' of ERISA §

502(a) or of the terms of an ERISA plan." Id. (citing New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 658 (1995)). This means that, "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA." Aetna Health Inc., 542 U.S. at 210. Because § 502(a) "does not purport to reach every question relating to plans covered by ERISA," however, courts must "look beyond the face of the complaint to determine whether the real nature of the claim is federal, regardless of plaintiff's [state law] characterization." Danca, 185 F.3d at 5 (internal citations and quotations omitted).

**2. Analysis**

In its notice of removal, defendant Pfizer - responding to a complaint that advanced federal WARN, COBRA, ERISA, and OWBPA claims - invoked federal question jurisdiction as the basis for the Court's removal jurisdiction. See Docket No. 1 at p. 2. As support for this jurisdictional claim, Pfizer cited both the existence of federal claims on the face of plaintiffs' complaint, as well as complete preemption by ERISA. See Id. at pp. 2-3. When plaintiffs amended their complaint, however, they withdrew all federal causes of action and exclusively pursued claims based on alleged violations of Puerto Rico Commonwealth law. Plaintiffs

Civil No. 16-1266 (FAB)                                                  9

aver that this act of withdrawal has stripped the Court of subject matter jurisdiction, as the existence of federal claims on the face of the complaint had been "the only basis for this federal court's jurisdiction under the federal question statute." (Docket No. 23 at pp. 2-3.)  The essential question therefore becomes whether the doctrine of complete preemption serves to convert plaintiff's state law claims into federal ones, thereby supporting continued federal question jurisdiction and, consequently, sustained removal of this case.

As highlighted above, for complete preemption by ERISA to occur, the state cause of action must fall within the scope of ERISA § 502(a).  See Danca, 185 F.3d at 5.  ERISA § 502(a) provides for, *inter alia*, a cause of action by a participant or beneficiary "to recover benefits due . . . under the terms of the plan, to enforce . . . rights under the terms of the plan, or to clarify . . . rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  Thus, it follows that plaintiffs' amended complaint will be deemed to present a federal claim warranting removal pursuant to complete preemption by ERISA only if its claims can be properly characterized as seeking:  (1) to recover benefits due to Morales pursuant to an employer-sponsored severance plan, (2) to enforce her rights under the terms of that plan, or (3) to clarify her rights to future benefits under the terms of the plan.

Civil No. 16-1266 (FAB)                                                10
_____

Here, defendant Pfizer argues that plaintiffs allegations amount to "a claim for benefits that falls under the provisions of ERISA Section 502(a)(1)(B)."[3] (Docket No. 32 at p. 4.) The Court, however, disagrees with this conclusion and adopts a different interpretation of the amended complaint's factual and legal content. At bottom, plaintiffs seek to hold Pfizer accountable for the "wrongful" involuntary termination of Morales' employment. Although plaintiffs continually make reference to Pfizer's Puerto Rico Separation Plan of April 1, 2014 (the "Plan") - and canvass Morales' troubles with the internal administrative procedures

---

[3] Pfizer fills most of the pages of its opposition with arguments concerning (1) why its Puerto Rico Separation Plan is covered by ERISA, and (2) how plaintiffs' causes of action in the amended complaint "relate to" that ERISA Plan. Rather than helping to inform the Court's "complete" preemption analysis pursuant to ERISA § 502(a), these arguments relate to the separate and distinct concept of "conflict" preemption pursuant to ERISA § 514. See McMahon v. Digital Equip. Corp., 162 F.3d 28, 36 (1st Cir. 1998) (laying out the "two central questions" involved in ERISA § 514 preemption analysis.); see also, Danca, 185 F.3d at 4 ("[E]mphasiz[ing] the difference between complete preemption, a concept associated with jurisdiction, and the affirmative federal defense of ERISA § 514 preemption."); Rice v. Panchal, 65 F.3d 637, 639-40 (7th Cir. 1995) ("Under ERISA, § 502(a) provides the basis for complete preemption whereas § 514(a) provides the basis for conflict preemption."); Warner v. Ford Motor Co., 46 F.3d 531 (6th Cir. 1995) (explaining the difference between "complete preemption" and "conflict preemption" under ERISA); Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 355 (3d Cir. 1995) (same). The First Circuit Court of Appeals has unambiguously stated, however, that § 514 analysis cannot provide a basis for federal jurisdiction. See Danca, 185 F.3d at 5 ("ERISA § 514 is not relevant to the complete preemption analysis; courts look instead only to ERISA § 502(a) . . . which contains ERISA's exclusive civil enforcement provisions.") (internal citations omitted). Thus, the Court disregards Pfizer's § 514 arguments when performing its jurisdictional analysis.

established by the Plan - a careful reading of the amended complaint reveals that they are not actually asserting a claim for any type of benefit pursuant to that Plan.  In short, plaintiffs ask the Court to order the reinstatement of Morales to a position within Pfizer, and to award her any "benefits"[4] that she would have received had her dismissal never occurred.  These claims are brought pursuant to Commonwealth labor laws and would involve remedies unrelated to the benefits offered pursuant to Pfizer's severance Plan.  Thus, the Court ultimately agrees with plaintiffs that "[n]othing in [the amended] complaint relates to the Plan nor seeks redress under it," and that the "claims relate solely to a reorganization process, and an unlawful termination . . . ." (Docket No. 38 at p. 2-3.)

Because plaintiffs are not seeking to recover benefits of an ERISA plan, to enforce Morales' rights under an ERISA plan, or to clarify her rights to future benefits, the claims in the amended complaint do not constitute an alterative enforcement mechanism for ERISA's § 502(a) civil enforcement scheme and are not, therefore, completely preempted by that federal statute.  The Court thus lacks

---

[4] Plaintiffs ambiguously assert that they seek Morales' reinstatement along with "all the *benefits* she is entitled to." (Docket No. 28 at p. 24.) (emphasis added).  The Court gives plaintiffs the benefit of the doubt and infers that, by "benefits," they are merely referring to financial and professional benefits that traditionally accompany reinstatement following wrongful termination (such as backpay, accrued vacation days, seniority status, etc.) rather than to any severance benefits offered by Pfizer's 2014 separation Plan.

Civil No. 16-1266 (FAB)                                                          12

continuing federal subject matter jurisdiction over this action. Accordingly, plaintiffs' request to remand this case to the Commonwealth court is properly **GRANTED.**

The Court hastens to register its understanding of Pfizer's manifest confusion over the apparent inconsistencies between plaintiffs' allegations and their request for remand. See Docket No. 32 at p. 1 (declaring that the allegations in the amended complaint "tell a different story" from the contentions advanced in plaintiffs' motion to remand.)  In all fairness to Pfizer, the amended complaint was constructed in a fairly thoughtless and slipshod manner, placing too much emphasis on the provisions of the separation Plan and the difficulties that Morales experienced when pursuing the internal administrative procedures created by that Plan.  Counsel for plaintiffs would have done well to pare down references to those matters and focus their attention - in a clear and concise manner - on the sole cause of action that they actually wish to litigate:  Morales' involuntary, and allegedly unjustified, dismissal from her position at Pfizer. As mentioned above, however, courts must often "look beyond the face of the complaint to determine whether the real nature of the claim is federal . . . ."  Danca, 185 F.3d at 5.  Here, after wading through the morass of plaintiffs' meandering allegations, the Court finds no "federal claims in state law clothing" to support continued removal jurisdiction over this case. Negron-Fuentes, 532

Civil No. 16-1266 (FAB)                                                      13

F.3d at 6.  Rather, the Court identifies only Commonwealth claims of wrongful termination and retaliation, claims which stand separate and apart from any allegations concerning Pfizer's severance Plan and the headaches Morales endured when invoking its claims and appeals processes.  In the end, plaintiffs are right to seek remand of their action to the Commonwealth court, even if their fumbling overemphasis on the provisions of the separation Plan obfuscated the true claims at issue and made it more difficult for the Court to arrive at its ultimate conclusion.

### III.  CONCLUSION

Plaintiffs' motion to remand (Docket No. 23) is **GRANTED** and this action is **REMANDED** to the Puerto Rico Court of First Instance, Guayama Superior Division for further proceedings.  The Clerk of the Court shall, pursuant to 28 U.S.C. §1447(c), mail a certified copy of this Order to the Clerk of the aforementioned Commonwealth court.

Judgment will be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, January 26, 2017.

                                          s/ Francisco A. Besosa
                                          FRANCISCO A. BESOSA
                                          United States District Judge